UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KRIS SCHEID,

       Plaintiff,

                                         Case No. 2:13-cv-1270
    v.                               JUDGE GREGORY L. FROST
                                       Magistrate Judge Elizabeth P. Deavers

NURSE PENROSE, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion for summary

judgment.  (ECF No. 23.)  For the reasons that follow, the Court **DENIES** the motion.

### I.      Background

On December 27, 2013, Plaintiff, Kris Scheid, filed the instant action under 42 U.S.C. §

1983.  In his Complaint, Plaintiff asserts a deliberate indifference claim and a medical negligence

claim arising from alleged poor treatment that he received while he was incarcerated in Ohio's

prison system.  (ECF No. 1.)  The defendants named in the Complaint, all of whom are medical

care providers at Ohio's Madison Correctional Institution, have filed a motion for summary

judgment.  (ECF No. 23.)  Plaintiff failed to file a response to that motion.  The briefing period

has closed on the motion, which is ripe for disposition.

### II.      Discussion

#### A.  Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion

for summary judgment if the nonmoving party who has the burden of proof at trial fails to make

a showing sufficient to establish the existence of an element that is essential to that party's case.

*See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the

nonmoving party, which must set forth specific facts showing that there is a genuine issue of

material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475

U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby,*

*Inc*., 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*,

477 U.S. at 251-52).

### B.  Analysis

Defendants argue that they are entitled to judgment as a matter of law because Plaintiff

has failed to comply with the exhaustion requirement of the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e(a).  That statute provides in relevant part that "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  To support this

2

argument, Defendants direct this Court to summary judgment evidence that describes the prison grievance system and indicates that, while he was incarcerated, Plaintiff never filed a grievance over any issue.

Defendants' argument is without merit.  The PLRA defines the term "prisoner" to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The Sixth Circuit has in turn explained that " 'to bring' means 'to file.' "  *Cox v. Mayer*, 332 F.3d 422, 424 n.1 (6th Cir. 2003).  Thus, the PLRA provides that any person who is incarcerated or detained under specified conditions cannot file a lawsuit in regard to prison conditions unless he or she has exhausted all available administrative remedies.  Plaintiff does not fall into the category of individuals to whom this § 1997e(a) exhaustion requirement applies.

The Sixth Circuit has explained that '[a] natural reading of the statute suggests that its application requires consideration of three simple questions.  First, is plaintiff 'a prisoner confined in [a] jail, prison, or other correctional facility?'  If not, the statute is inapplicable."  *Cox*, 332 F.3d at 424.  The evidence that Defendants submitted indicates that Plaintiff was released from prison on March 15, 2013.  (ECF No. 23-3, at Page ID # 93.)  Plaintiff then filed the instant lawsuit on December 27, 2013.  (ECF No. 1.)  This means that the § 1997e(a) exhaustion requirement did not apply to Plaintiff.  He was not incarcerated or detained at the time of filing, which means that he did not constitute a prisoner within the meaning of the PLRA, which means that the exhaustion requirement on its face did not apply to him.  *See Norton v. City of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) (stating that "other circuits have

concluded that a plaintiff who seeks to bring suit about prison life after he has been released and is no longer a prisoner does not have to satisfy the PLRA's exhaustion requirements before bringing suit" and that "[w]e agree with our sister circuits"); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (stating that "a prisoner who has been released is not precluded by the PLRA from filing a § 1983 suit for incidents concerning prison conditions which occurred prior to his release" and that "every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners"); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("§ 1997e applies only to prisoners, and a plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit"); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) ("litigants . . . who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision"); *Scott v. Larabell*, No. 1:06-cv-557, 2007 WL 1031643, at *3-4 (W.D. Mich. Apr. 3, 2007) (summarizing *Cox* holding).

### III.    Conclusion

The Court **DENIES** Defendants' motion for summary judgment.  (ECF No. 23.)

**IT IS SO ORDERED.**

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

4